```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MICHELLE WHALEN,                              :        CASE NO. 1:17-cv-2092
                                              :
              Plaintiff,                      :
                                              :
      vs.                                     :        OPINION & ORDER
                                              :        [Resolving Doc. 8]
DEGROFF INDUSTRIES, INC., et al.,             :
                                              :
              Defendants.                     :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Michelle Whalen alleges that Defendants Degroff Industries, Inc., Lavender Farms, LLC, Ronald Larson, and Kim Larson take a portion of restaurant servers' tipped wages in violation of the Fair Labor Standards Act (FLSA).[1] Plaintiff now moves for conditional certification of an FLSA collective action for herself and others similarly situated.[2] Defendants oppose.[3]

For the reasons below, the Court **GRANTS** conditional certification.

## I. BACKGROUND

From September 2012 until September 2017, Plaintiff Whalen worked as a server at Strip Steakhouse,[4] a restaurant owned and operated by Defendants.[5] She states that Defendants deducted at least five dollars from her paychecks.[6] Defendants usually labeled these deductions

---

[1] *See* Doc. 16.
[2] Doc. 8.
[3] Doc. 17. Plaintiff replies. Doc. 18.
[4] Doc. 8-1 at ¶ 3.
[5] *See* Doc. 8-2; Doc. 8-3.
[6] *See* Doc. 8 at 3.

Case No. 1:17-cv-2092
Gwin, J.

as "Med Pre Tax" or "Misc (no goal)."[7] Plaintiff Whalen argues that because of these deductions, Defendants have effectively paid her below minimum wage in violation of the FLSA.[8]

Plaintiff Whalen states that other tipped employees also experienced similar deductions.[9] She states that she had conversations with two other servers about their deductions and has viewed other tipped employees' paychecks.[10] She states that Defendants usually apply these deductions to pay for broken plates or glassware.[11]

Plaintiff now moves to conditionally certify a collective action of:

> All employees who worked for Defendant Strip Steakhouse from October 5, 2014 to the present who were paid minimum wage minus a tip credit and who had a deduction(s) taken from their paycheck in one or more workweeks for "Med Pre Tax," or "Misc (no goal)."[12]

## II. LEGAL STANDARD

Under 29 U.S.C. § 216(b), a plaintiff employee alleging an FLSA violation can bring a representative action for himself and similarly situated persons. To do so, "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[13]

While the FLSA does not define "similarly situated," the Sixth Circuit has said that FLSA plaintiffs may proceed collectively when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[14]

---

[7] *See* Doc. 8-4; Doc. 8-1 at ¶ 7.
[8] *See* Doc. 8 at 3.
[9] *See* Doc. 8-1.
[10] *Id.* at ¶¶ 9, 11.
[11] *Id.* at ¶ 10.
[12] Doc. 8 at 1.
[13] *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted).
[14] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

Case No. 1:17-cv-2092
Gwin, J.

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[15]

First, there is the "notice" stage that occurs at the beginning of discovery.[16] At this stage, a plaintiff must make only a "modest factual showing" and needs to show "only that his position is similar, not identical, to the positions held by the putative class members."[17] Because a district court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[18]

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[19] "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."[20]

### III. ANALYSIS

Plaintiff has met the "modest factual showing" required for conditional certification of the collective action.

In support of her motion, Plaintiff submits a sample of her 2012-2017 clock-out stubs and paystubs that show Defendants' five-dollar deductions from each of Plaintiff's paychecks for miscellaneous purposes or medical pre-tax.[21] In her declaration, Plaintiff states that she never received medical insurance through Defendants or agreed to any other miscellaneous deductions.[22]

In the same declaration, Plaintiff Whalen also shows that she has personal knowledge that the proposed collective action members also had five dollars deducted from each of their

---

[15] *Comer*, 454 F.3d at 546-47.
[16] *Id.* at 546.
[17] *Id.* at 547 (quotations omitted).
[18] *Id.* (citations omitted).
[19] *Id.*
[20] *Id.*
[21] Doc. 8-4.
[22] Doc. 8-1 at ¶ 12.

Case No. 1:17-cv-2092
Gwin, J.

paychecks. Plaintiff Whalen states she has seen other tipped employees' paychecks,[23] and spoke with two other employees about these deductions.[24]

Plaintiff's declaration, clock-out stubs, and paystubs are more than sufficient to make a "modest factual showing" that she is "similarly situated" to the putative collective action members.

Defendants' arguments opposing conditional certification do not succeed.

First, Defendants argue that Plaintiff has not shown that the five-dollar deductions are an FLSA violation.[25] These arguments, however, concern the merits of Plaintiff's FLSA claim, rather than whether she and the proposed collective action members are "similarly situated." Such merits arguments are not proper for consideration on a motion for conditional certification and can be better addressed at a later stage.[26]

Second, Defendants argue that Plaintiff has not submitted enough evidence to make a "modest factual showing" of being similarly situated.[27] They argue that Plaintiff's evidence includes inadmissible hearsay testimony from two other servers and an unsupported statement that she viewed other employees' paychecks.[28]

However, Plaintiff's evidence on a motion for conditional certification need not meet the same evidentiary standards that apply to motions for summary judgment.[29] Requiring Plaintiff to meet such a high evidentiary standard would defeat the purpose of the FLSA's two-stage certification process.[30] As a result, the Court need not disregard Plaintiff's declaration statements when considering her motion for conditional certification.

---

[23] *Id.* at ¶ 11.
[24] *Id.* at ¶ 9.
[25] Doc. 17 at 4-6.
[26] *See, e.g.*, *Hamric v. True N. Holdings, Inc*, No. 1:16-CV-01216, 2016 WL 3912482, at *2 (N.D. Ohio July 20, 2016).
[27] Doc. 17 at 6-8.
[28] *Id.* at 7.
[29] *See Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 n.6 (N.D. Ohio 2015).
[30] *Id.*

Case No. 1:17-cv-2092
Gwin, J.

Third, Defendants argue that Plaintiff has failed to identify any evidence of a uniform unlawful policy affecting herself and potential collective action members.[31] The Sixth Circuit, however, does not require Plaintiff to present evidence of a unified policy in order show that the opt-in plaintiffs are "similarly situated" under the FLSA.[32]

Plaintiff's states that the five-dollar deduction is applied to other tipped employees' paychecks to pay for broken plates and glassware.[33] This is sufficient to meet her "modest factual showing" of being similarly situated to other Strip Steakhouse employees.

Lastly, Defendants argue that Plaintiff has not demonstrated that other employees have a "desire" to opt into the lawsuit.[34] However, desire to opt in is not the standard for conditional certification in this Circuit.[35]

### IV. CONCLUSION

For the above reasons, the Court **GRANTS** conditional certification of the following collective action:

> All employees who worked for Defendant Strip Steakhouse from October 5, 2014 to the present who were paid minimum wage minus a tip credit and who had a deduction(s) taken from their paycheck in one or more workweeks for "Med Pre Tax," or "Misc (no goal)."[36]

The Court **ORDERS** Defendants to provide Plaintiff with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of employment of all individuals within the above-defined collective action. Defendants are to provide this information to Plaintiff within fifteen days of this Order.

---

[31] Doc. 17 at 7.
[32] *O'Brien*, 575 F.3d at 584.
[33] Doc. 8-1 at ¶ 8.
[34] Doc. 17 at 9.
[35] *See Comer*, 454 F.3d at 547.
[36] Doc. 8 at 1.

Case No. 1:17-cv-2092
Gwin, J.

Additionally, the Court **ORDERS** the parties to meet and confer regarding the proposed notification and consent forms to be issued by the Plaintiff apprising potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. The Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court the proposed language for the notification and consent forms, along with a report of how the forms will be sent to prospective plaintiffs. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[37]

IT IS SO ORDERED

Dated: November 21, 2017          *s/            James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[37] *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).