## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE WHALEN, on behalf of herself and those similarly situated,** | : : : | |
| Plaintiff, | : : | Case No. 1:17-cv-02092 |
| v. | : : | Judge James S. Gwin |
| **DEGROFF INDUSTRIES, INC., et al.,** | : : | |
| Defendants. | : : : | |
| | : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COME Defendants Degroff Industries, Inc. ("Degroff"), Lavender Farms, LLC ("Lavender"), Ronald Larson and Kim Larson (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., and submit the following Answer and Defenses to Plaintiff's First Amended Complaint (hereinafter "Complaint" or "Plaintiff's Complaint"):

## PRELIMINARY STATEMENT

1.      Michelle Whalen, on behalf of herself and all similarly-situated employees, brings this action against Defendants Degroff Industries, Inc., Lavender Farms, LLC, Ronald Larson and Kim Larson (collectively "Defendants").  Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated employees with minimum wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), O.R.C. §4113.15 (Ohio's "Prompt Pay Act"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and O.R.C. §2307.60.

**ANSWER:**    Defendants admit that Plaintiff purports to bring an action against Defendants on behalf of herself and all similarly-situated employees. Defendants deny that Plaintiff and/or the individuals she seeks to represent in this action have a viable cause of action under either the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), Ohio Rev. Code § 4113.15 (Ohio's "Prompt Pay Act"), the Ohio Minimum

Fair Wage Standards Act ("OMFWSA"), or Ohio Rev. Code § 2307.60. Defendants deny that this action can be maintained as a class or collective action. Defendants admit that Plaintiff purports to seek monetary, declaratory, and equitable relief. Defendants deny that Plaintiff and/or the individuals she seeks to represent in this action is entitled to any such relief. Defendants deny any and all remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. §1331 and 29 U.S.C. §216(b).

**ANSWER:**  Defendants admit that this Court has subject matter jurisdiction over Plaintiff's FLSA claim. Defendants deny any and all remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      This Court has supplemental jurisdiction over Plaintiff's Ohio law claims under 28 U.S.C. §1367.

**ANSWER:**  Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendants deny any and all remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.      Venue in this Court is proper under 28 U.S.C. §1391(b) because the parties reside in this district, and a substantial part of the event giving rise to the claim herein occurred in this district.

**ANSWER:**  Defendants admit that venue is proper in this Court. Defendants deny any and all remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.    Plaintiff Michelle Whalen resides in the Northern District of Ohio.  Further, at all times relevant herein, Plaintiff worked within the boundaries of Northern District of Ohio.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she resides in the Northern District of Ohio, and therefore deny the same.  Defendants admit that, when she worked at Strip Steakhouse, Plaintiff worked within the boundaries of the Northern District of Ohio. Defendants deny any and all remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.    From approximately 2012 until September 2017, Plaintiff worked as a server for Defendants at Strip Steakhouse.

**ANSWER:**    Defendants admit that Plaintiff worked as a server at Strip Steakhouse from approximately 2012 until September 2017. Defendants deny that Plaintiff was employed by Degroff, Ronald Larson, or Kim Larson. Defendants deny any and all remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.    At all relevant times, Plaintiff was an "employee" of Defendants as defined in the FLSA, the OMFWSA, and Section 34a.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.    Plaintiff has given written consent to bring this action to collect unpaid wages, a copy of which is attached to this Complaint.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

3

9.      Defendant Degroff Industries, Inc. ("Degroff") is a for-profit corporation registered to do business in Ohio.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.      Degroff's principal place of business is 36840 Detroit Road, Avon, Ohio 44011, the location of Strip Steakhouse.

**ANSWER:**    Defendants admit that Degroff's principal place of business is located in a plaza called Olde Avon Village. Defendants admit that the address for Olde Avon Village is 36840 Detroit Road, Avon, Ohio 44011. Defendants admit that Strip Steakhouse is located in Olde Avon Village. Defendants deny any and all remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.      According to the Ohio Secretary of State, Degroff has done business as "Strip A Steakhouse."

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.      Degroff is owned by Ronald and Kim Larson.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.      Degroff has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

4

14.     Degroff has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     At all relevant times, Degroff maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, deductions, and other practices.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Degroff is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the OMFWSA, and Section 34a.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     At all relevant times, Degroff was and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Degroff's gross revenue exceeds $500,000 per year during the time period relevant to this Complaint.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant Lavender Farms, LLC ("Lavender Farms") is a limited liability company registered to do business in Ohio.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 19 of Plaintiff's Complaint.


20.     Lavender Farms does business as "Strip A Steakhouse."

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 20 of Plaintiff's Complaint.


21.     Lavender Farms is owned by Ronald and Kim Larson.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint.


22.     Lavender Farms' principal place of business is 36840 Detroit Rd., Avon, Ohio 44011, the location of Strip Steakhouse.

**ANSWER:**     Defendants admit that Lavender's principal place of business is located in a plaza called Olde Avon Village. Defendants admit that the address for Olde Avon Village is 36840 Detroit Road, Avon, Ohio 44011. Defendants admit that Strip Steakhouse is located in Olde Avon Village. Defendants deny any and all remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.


23.     Lavender Farms has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**ANSWER:**     Defendants admit that, during the time that Plaintiff worked at Strip Steakhouse, Lavender had control over Plaintiff's and Strip Steakhouse's other employees'

6

working conditions. Defendants deny any and all remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Lavender Farms has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

**ANSWER:**     Defendants admit that, during the time that Plaintiff worked at Strip Steakhouse, Lavender had control of the terms and conditions of Plaintiff's and Strip Steakhouse's other employees' employment. Defendants deny any and all remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     At all relevant times, Lavender Farms maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, deductions, and other practices.

**ANSWER:**     Defendants admit that, during the time that Plaintiff worked at Strip Steakhouse, Lavender had control of the terms and conditions of Plaintiff's and Strip Steakhouse's other employees' employment. Defendants deny any and all remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Lavender Farms is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the OMFWSA, and Section 34a.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.     At all relevant times, Lavender Farms was and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.    Lavender Farms' gross revenue exceeds $500,000 per year.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.    Defendant Ronald Larson is an individual and is sued in his individual capacity. Upon information and belief, he lives in the Northern District of Ohio.

**ANSWER:**    Defendants admit that Ronald Larson is an individual. Defendants admit that Plaintiff purports to sue Ronald Larson in his individual capacity. Defendants admit that Ronald Larson lives in the Northern District of Ohio. Defendants deny any and all remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.    At all relevant times, Ronald Larson has been an owner and officer of Degroff and Lavender Farms.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.    The Strip Steakhouse website and logo reads:  "Strip by Ron Larson."

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.    At all relevant times, Ronald Larson financially benefitted from the illegal pay practices alleged herein.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.    At all relevant times, Ronald Larson has had financial control over Strip Steakhouse, Degroff and Lavender Farms.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.    At all relevant times, Ronald Larson has had control over the day to day operations of Strip Steakhouse, Degroff, and Lavender Farms, or significant aspects thereof.

**ANSWER:**    Defendants admit that Ronald Larson is involved in the management of Strip Steakhouse.  Defendants deny any and all remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.    At all relevant times, Ronald Larson was an "employer" of Plaintiff and similarly situated delivery employees as that term is defined by the FLSA, Section 34a and §4113.15.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.    At all relevant times, Ronald Larson was actively involved in managing the operations of Strip Steakhouse, Degroff and Lavender Farms.

**ANSWER:**    Defendants admit that Ronald Larson is involved in the management of Strip Steakhouse.  Defendants deny any and all remaining allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.    At all relevant times, Ronald Larson had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.    At all relevant times, Ronald Larson had power over personnel and payroll decisions at Strip Steakhouse, Degroff and Lavender Farms, including the power to hire and fire employees.

**ANSWER:**    Defendants admit that Ronald Larson is involved in certain personnel decisions at Strip Steakhouse. Defendants deny any and all remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.    At all relevant times, Ronald Larson had the power to stop the illegal pay practices that harmed Plaintiff and similarly situated employees.

**ANSWER:**    Defendants deny the existence of any "illegal pay practices that harmed Plaintiff and similarly situated employees." Defendants deny any and all remaining allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.    Defendant Kim Larson is an individual and is sued in her individual capacity. Upon information and belief, she lives in the Northern District of Ohio.

**ANSWER:**    Defendants admit that Kim Larson is an individual. Defendants admit that Plaintiff purports to sue Kim Larson in her individual capacity. Defendants admit that Kim Larson lives in the Northern District of Ohio. Defendants deny any and all remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     At all relevant times, Kim Larson has been an owner and officer of Degroff and Lavender Farms.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     At all relevant times, Kim Larson financially benefited from the illegal pay practices alleged herein.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.     At all relevant times, Kim Larson has had financial control over Strip Steakhouse, Degroff and Lavender Farms.

**ANSWER:**     Defendants admit that Kim Larson is involved in the finances of Strip Steakhouse, Degroff and Lavender.  Defendants deny any and all remaining allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     At all relevant times, Kim Larson has had control over the day to day operations of Strip Steakhouse, Degroff and Lavender Farms, or significant aspects thereof.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.     At all relevant times, Kim Larson was an "employer" of Plaintiff and similarly situated delivery employees as that term is defined by the FLSA, Section 34a, and §4113.15.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

11

46.     At all relevant times, Kim Larson was actively involved in managing the operations of Strip Steakhouse, Degroff and Lavender Farms.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.     At all relevant times, Kim Larson had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     At all relevant times, Kim Larson had power over personnel and payroll decisions at Strip Steakhouse, Degroff and Lavender Farms, including the power to hire and fire employees.

**ANSWER:**     Defendants admit that Kim Larson is involved in certain payroll decisions at Strip Steakhouse. Defendants deny any and all remaining allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     At all relevant times, Kim Larson had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

**ANSWER:**     Defendants deny the existence of any "illegal pay practices that harmed Plaintiff and similarly situated employees." Defendants deny any and all remaining allegations set forth in Paragraph 49 of Plaintiff's Complaint.

## FACTS

50.     Defendants principally own and operate Strip Steakhouse, which is a restaurant and bar located at the Shoppes of Olde Avon Village in Avon, Ohio.

**ANSWER:**    Defendants admit that Strip Steakhouse is a restaurant and bar located at the Shoppes of Olde Avon Village in Avon, Ohio. Defendants deny any and all remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.    At any given time during the relevant time period, Defendants employed over 25 full and part-time wait staff, including servers, bussers and bartenders ("tipped employees"), to serve Defendants' customers.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.    The tipped employees' primary job duty was to wait on and provide service to Defendants' customers.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.    During the course of the tipped employees' work, they received tips from customers.

**ANSWER:**    Defendants admit that tipped employees of Lavender received tips from customers.  Defendants deny any and all remaining allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.    During the relevant time period, Defendants applied the same pay practices and policies to all tipped employees, including Plaintiff.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

13

55.     Defendants paid their employees less than either the federal or state non-tipped minimum wage.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint.


56.     Defendants attempted to take a "tip credit" for a portion of the tipped employees' wages, including the wages of Plaintiff and similarly situated employees.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 56 of Plaintiff's Complaint.


57.     However, Defendants did not provide notice to Plaintiff and similarly situated employees of the tip credit provisions contained in 29 U.S.C. §203(m), nor did they actually pay Plaintiff and similarly situated employees the minimum tipped wage.

**ANSWER:**     Defendants deny that Plaintiff or any other tipped employee was not provided the notice required under 29 U.S.C. §203(m).  Defendants deny any and all remaining the allegations set forth in Paragraph 57 of Plaintiff's Complaint.


58.     At all relevant times, Defendants have claimed the maximum tip credit allowable under Ohio law:

> a.     In 2012, Defendants paid tipped employees $3.85 per hour.
>
> b.     In 2013, Defendants paid tipped employees $3.85 per hour.
>
> c.     In 2014, Defendants paid tipped employees $3.98 per hour.
>
> d.     In 2015, Defendants paid tipped employees $4.05 per hour.
>
> e.     In 2016, Defendants paid tipped employees $4.05 per hour.
>
> f.     In 2017, Defendants paid tipped employees $4.08 per hour.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 58 of Plaintiff's Complaint. Defendants deny each and every one of the sub-paragraphs to Paragraph 58 of Plaintiff's Complaint.

59.    Throughout Plaintiff's employment, Defendants took a deduction from the biweekly paycheck of Plaintiff and similarly situated employees for "Med Pre Tax."

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.    Plaintiff, nor any of her similarly situated co-workers, received health insurance from Defendants, nor did they benefit in any other way from this deduction from their wages.

**ANSWER:**    Defendants admit that neither Plaintiff nor any of her co-workers received health insurance from Defendants. Defendants deny any and all remaining allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.    Defendants also regularly took another deduction from the biweekly paycheck of Plaintiff and similarly situated employees for "Misc (no goal)."

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62.    These deductions were used to pay for Defendants' operating expenses, including expenses related to plates and glassware.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63.     The deductions were used for Defendants' benefit.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 63 of Plaintiff's Complaint.


64.     Because Defendants took unlawful deductions from the paychecks of Plaintiff and similarly situated employees, Defendants paid these employees less than the minimum allowable minimum wage or the minimum allowable wage minus a "tip credit."  Consequently, Defendants lost their right to take a "tip credit."

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 64 of Plaintiff's Complaint.


65.     Plaintiff worked as a server for Defendants from approximately 2012 to September 2017.

**ANSWER:**     Defendants admit that Plaintiff worked as a server for Lavender from approximately 2012 to September 2017. Defendants deny any and all remaining allegations set forth in Paragraph 65 of Plaintiff's Complaint.


66.     Plaintiff's job duties included serving customers and completing side work at Strip Steakhouse.

**ANSWER:**     Defendants admit that Plaintiff's job duties included serving customers at Strip Steakhouse and performing other duties related to serving customers at Strip Steakhouse. Defendants deny any and all remaining allegations set forth in Paragraph 66 of Plaintiff's Complaint.

67.     Throughout her employment, Plaintiff was paid minimum wage minus the maximum allowable tip credit for all hours for which she received compensation.  She was paid $3.85 per hour in 2012 and 2013, $3.98 per hour in 2014, $4.05 per hour in 2015 and 2016, and $4.08 per hour in 2017.

**ANSWER:**     Defendants admit that throughout her employment with Lavender,

Plaintiff was paid the applicable minimum wage as required by law. Defendants deny any and all

remaining allegations set forth in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants never provided Plaintiff with notice of the tip credit requirements of the FLSA.

**ANSWER:**     Defendants deny that Plaintiff was not provided the notice required under

29  U.S.C.  §203(m).   Defendants deny any and all remaining the allegations set forth in

Paragraph 68 of Plaintiff's Complaint.

69.     Throughout her employment, Defendants took deductions from Plaintiff's paychecks that were characterized as either "Misc (no goal)" or "Med Pre Tax."

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 69 of Plaintiff's

Complaint.

70.     These deductions were used to pay for Defendants' operating expenses, including silverware and dishes.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 70 of Plaintiff's

Complaint.

## COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings this collective action on behalf of herself and all other similarly situated employees who worked for Defendant Strip Steakhouse from October 5, 2014 to present

and who had a deduction taken from their paycheck that brought their wage rate below minimum wage.

**ANSWER:**    Defendants admit that Plaintiff purports to bring this collective action on behalf of herself and all other similarly situated employees who worked for Strip Steakhouse from October 5, 2014 to present and who allegedly had a deduction taken from their paycheck that brought their wage rate below minimum wage. Defendants deny that Plaintiff or any similarly situated employees had a deduction taken from their paycheck that brought their wage rate below minimum wage. Defendants deny that this action can be maintained as a collective action. Defendants deny any and all remaining allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72.    Plaintiff and the collective performed the same or similar job duties as one another in that they performed serving, bussing, or bartending duties for Defendants.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 72 of Plaintiff's Complaint.

73.    Plaintiff and the collective were subject to the same uniform illegal pay practices and policies.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants' illegal pay practices and policies related to Plaintiff and the collective include:

      a.    Failing to inform Plaintiff and members of the collective of the tip credit provisions of the FLSA;

      b.    failing to pay at least minimum wage for each hour of tipped worked; and

      c.      applying deductions for the benefit of Defendants to the workers' biweekly paychecks.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 74 of Plaintiff's Complaint. Defendants deny each and every one of the sub-paragraphs to Paragraph 74 of Plaintiff's Complaint.

75.    The members of the collective are owed minimum wages for the same reasons as Plaintiff.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 75 of Plaintiff's Complaint.

76.    Application of Defendants' illegal pay practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages applies to all members of the collective.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 76 of Plaintiff's Complaint.

77.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage compensation with regard to Plaintiff and the collective.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 77 of Plaintiff's Complaint.

78.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices:  (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion letters, or (d) the Code of Federal Regulations.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 78 of Plaintiff's Complaint.


79.    Defendants have acted willfully in failing to pay Plaintiff and class members in accordance with the law.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 79 of Plaintiff's Complaint.


## CLASS ACTION ALLEGATIONS

80.    Plaintiff sues on her own behalf and on behalf of a class of persons under Federal Rule of Civil Procedure 23 for all employees paid at or below Ohio minimum wage who worked for Strip Steakhouse from October 5, 2014 to present and who had a deduction taken from their paycheck that brought their wage rate below minimum wage.

**ANSWER:**    Defendants admit that Plaintiff purports to sue on her own behalf and on behalf of a class of persons under Federal Rule of Civil Procedure 23 for all employees allegedly paid at or below Ohio minimum wage who worked for Strip Steakhouse from October 5, 2014 to present and who had a deduction taken from their paycheck that brought their wage rate below minimum wage. Defendants deny that Plaintiff or any similarly situated employees were paid below Ohio minimum wage or had a deduction taken from their paycheck that brought their wage rate below minimum wage. Defendants deny that this action can be maintained as a class action. Defendants deny that Plaintiff's proposed class definition is a proper class under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny any and all remaining allegations set forth in Paragraph 80 of Plaintiff's Complaint.


81.    Pursuant to the Ohio Constitution, Plaintiff brings her claims on behalf of all persons that Defendants employed at any time from October 5, 2014, to the entry of judgment in this case.

**ANSWER:**    Defendants admit that Plaintiff purports to bring her claims on behalf of all persons that Defendants employed at any time from October 5, 2014, to the entry of judgment in this case. Defendants deny that Plaintiff has any valid claims on behalf of herself or any of the individuals she seeks to represent in this action. Defendants deny that this action can be maintained as a class action. Defendants deny that Plaintiff's proposed class definition is a proper class under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny any and all remaining allegations set forth in Paragraph 81 of Plaintiff's Complaint.

82.    Plaintiff brings her claims on behalf of herself and the class members who were not paid at least minimum wage for each hour worked.

**ANSWER:**    Defendants admit that Plaintiff purports to bring her claims on behalf of herself and the class members who were allegedly not paid at least minimum wage for each hour worked. Defendants deny that Plaintiff or any of the individuals she seeks to represent in this action were not paid minimum wage. Defendants deny any and all remaining allegations set forth in Paragraph 82 of Plaintiff's Complaint.

83.    The members of the class are so numerous that joinder of all members is impracticable.  The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendants.  Upon information and belief, there are over forty class members during the Class Period.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 83 of Plaintiff's Complaint.

84.    Plaintiff's claims are typical of the claims of the class members, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each of the subclasses as a whole.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

86.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour actions.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of Plaintiff's Complaint, and therefore deny the same.

87.    Plaintiff has the same interests in this matter as all other class members and Plaintiff's claims are typical of the class.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 87 of Plaintiff's Complaint.

88.    There are questions of law and fact common to the class, which predominate over any questions solely affecting the individual member of the class.  These questions include but are not limited to:

    a.    Whether Defendants employed members of the class within the meaning of Article II, Section 34(a) of the Ohio Constitution and O.R.C. §4113.15;

    b.    Whether Defendants took deductions from the paychecks of Plaintiff and the class members for their own benefit;

22

      c.      Whether Defendants failed and/or refused to pay the members of the class at least minimum wages for all hours Defendants suffered or permitted them to work;

      d.      What the proper measure of damages is with respect to the class members' claims; and

      e.      Whether Defendants instituted these unlawful policies and practices willfully.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 88 of Plaintiff's Complaint. Defendants deny each and every one of the sub-paragraphs to Paragraph 88 of Plaintiff's Complaint.

## COUNT I
### Failure to Pay Minimum Wages – Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

89.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

**ANSWER:**    For their response to Paragraph 89 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully rewritten herein.

90.    Plaintiff and the FLSA Collective are or were non-exempt, hourly tipped employees who all completed substantially the same job duties for Defendants.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 90 of Plaintiff's Complaint.

91.    Defendants impermissibly took a tip credit from the wages of Plaintiff and the FLSA Collective.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 91 of Plaintiff's Complaint.

92.    Defendants did not provide Plaintiff and the FLSA Collective with notice of the tip credit rules as required by 29 U.S.C. §203(m).

**ANSWER:**    Defendants deny that Plaintiff or any other tipped employee was not provided the notice required under 29 U.S.C. §203(m).  Defendants deny any and all remaining allegations set forth in Paragraph 92 of Plaintiff's Complaint.

93.    Defendants also paid Plaintiff and the FLSA Collective below minimum wage for the hours they worked by taking deductions from their paychecks for the benefit of Defendants.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 93 of Plaintiff's Complaint.

94.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 94 of Plaintiff's Complaint.

95.    Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 95 of Plaintiff's Complaint.

96.    As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, improper deductions, liquidated damages, costs, and attorneys' fees.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 96 of Plaintiff's Complaint.


## COUNT 2
### Failure to Pay Minimum Wages – Ohio Constitution, Article II, §34a
### (On Behalf of Plaintiff and the Rule 23 Class)

97.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

**ANSWER:**    For their response to Paragraph 97 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 96 of Plaintiff's Complaint as if fully rewritten herein.


98.    Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by taking improper deductions from their paychecks for Defendants' benefit.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 98 of Plaintiff's Complaint.


99.    Article II §34a of the Ohio Constitution requires that employees be paid not less than minimum wage for all hours worked, with a maximum allowable tip credit being half of regular minimum wage.

**ANSWER:**    Defendants admit that Article II §34a of the Ohio Constitution speaks for itself. Defendants deny Plaintiff's characterization of Article II §34a of the Ohio Constitution. Defendants deny any and all remaining allegations set forth in Paragraph 99 of Plaintiff's Complaint.


100.    By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, §34a.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 100 of Plaintiff's Complaint.

101.    Defendants' violations with respect to Plaintiff are continuing violations, such that she can recover for Section 34a violations from the beginning of her employment to present. Other class members were also subjected to continuing violations that extended outside the three-year period prior to the filing of this complaint.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 101 of Plaintiff's Complaint.

102.    As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, reimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 102 of Plaintiff's Complaint.

## COUNT 3
### Untimely Payment of Wages – O.R.C. §4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

103.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

**ANSWER:**    For their response to Paragraph 103 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 102 of Plaintiff's Complaint as if fully rewritten herein.

104.    During all relevant times, Defendants were entities covered by O.R.C. §4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. §4113.15 and were not exempt from its protections.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105.    O.R.C. §4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month for wages earned during the last half of the preceding calendar month.

**ANSWER:**    Defendants admit that Ohio Rev. Code § 4113.15(A) speaks for itself. Defendants deny Plaintiff's characterization of Ohio Rev. Code § 4113.15(A).  Defendants deny any and all remaining allegations set forth in Paragraph 105 of Plaintiff's Complaint.

106.    Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 106 of Plaintiff's Complaint.

107.    As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. §4113.15.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 107 of Plaintiff's Complaint.

**COUNT 4**
**Damages Pursuant to O.R.C. §2307.60**
**(On Behalf of Plaintiff and the Rule 23 Class)**

108.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

**ANSWER:**   For their response to Paragraph 108 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 107 of Plaintiff's Complaint as if fully rewritten herein.

109.   The Fair Labor Standards Act, 29 U.S.C. §216(a), imposes criminal penalties for willful violations of the FLSA.

**ANSWER:**   Defendants admit that 29 U.S.C. §216(a) speaks for itself. Defendants deny Plaintiff's characterization of 29 U.S.C. §216(a).  Defendants deny any and all remaining allegations set forth in Paragraph 109 of Plaintiff's Complaint.

110.   By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

**ANSWER:**   Defendants deny the allegations set forth in Paragraph 110 of Plaintiff's Complaint.

111.   O.R.C. §2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

**ANSWER:**   Defendants admit that Ohio Rev. Code § 2307.60 speaks for itself. Defendants deny Plaintiff's characterization of Ohio Rev. Code § 2307.60.  Defendants deny any and all remaining allegations set forth in Paragraph 111 of Plaintiff's Complaint.

112.   As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. §2307.60.

**ANSWER:**   Defendants deny the allegations set forth in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny the allegations contained in the WHEREFORE Paragraph immediately following Paragraph 113 of Plaintiff's Complaint, including sub-paragraphs A through L, and deny that Plaintiff or any of the individuals she seeks to represent are entitled to any remedy or relief of any kind whatsoever for the claims alleged in the Complaint.

114.    Defendants deny every allegation, averment, inference or theory contained in Plaintiff's Complaint, whether express or implied, that is not specifically admitted to in this Answer to Plaintiff's First Amended Complaint for Damages.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part, on behalf of Plaintiff and/or the group of individuals she seeks to represent in this action.

2.    Plaintiff's claims and the claims the group of individuals she seeks to represent in this action are barred to the extent they failed, refused, and/or neglected to mitigate or avoid the damages alleged in the Complaint, if any.

3.    Some or all of Plaintiff's claims and the claims the group of individuals she seeks to represent in this action are barred by the equitable doctrines of unclean hands, laches, waiver, consent, avoidable consequences, and/or estoppel.

4.    Some or all of Plaintiff's claims and the claims of the group of individuals she seeks to represent in this action are barred, in whole or in part, by the applicable statutes of limitations.

5.    Plaintiff's Complaint fails to state facts sufficient for the recovery of attorneys' fees or other litigation expenses.

6.      Plaintiff's damages and the damages of the group of individuals she seeks to represent in this action, if any, are speculative and remote, and are therefore barred.

7.      Plaintiff's request for a collective action is invalid because, among other things, there are no similarly situated persons and Plaintiff is not an adequate representative, and she cannot satisfy the requirements under 29 U.S.C. § 216. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

8.      Plaintiff's request for a class action is invalid because, among other things, there are no similarly situated persons, Plaintiff is not an adequate representative, and Plaintiff does not meet the requirements of Federal Rule of Civil Procedure 23, including, but not limited to, numerosity, commonality, typicality, and adequacy of representation. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

9.      Plaintiff's claims and the claims of the individuals she seeks to represent in this action are barred, in whole or in part, to the extent that those claims pertain to activities that were (a) not compensable work; (b) preliminary or postliminary to their principal activities, or incidental to them; or (c) *de minimus*.

10.     Plaintiff's minimum wage claim and the minimum wage claims of the group of individuals she seeks to represent in this action is barred because Plaintiff and the group of individuals she seeks to represent in this action were at all times paid the applicable minimum wage required by statute.

11.     Plaintiff's claims and the claims of the individuals she seeks to represent in this action are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation and the compensation of the individuals she seeks to represent in this action were done in good faith in

conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

12.      Plaintiff's claims and the claims of the individuals she seeks to represent in this action are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages pursuant to 29 U.S.C. § 260.

13.      To the extent any sum is found due and owing to Plaintiff and/or any of the individuals she seeks to represent in this action, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

14.      Plaintiff's claims and the claims of the individuals she seeks to represent in this action are barred in whole or in part by the doctrine of avoidable consequences.

15.      Plaintiff's claims and the claims of the individuals she seeks to represent in this action against Degroff Industries, Inc., Ronald Larson, and Kim Larson fail because they were not the employer of Plaintiff or of the individuals she seeks to represent during the relevant time.

16.      Defendants did not willfully violate the law with respect to their treatment of Plaintiff or the individuals she seeks to represent in this action, and any actions taken by Defendants regarding Plaintiff or the individuals she seeks to represent in this action were taken

in good faith, and were not taken wantonly, with malice, in bad faith, and/or with reckless indifference to any protected rights.

17.     Any award of punitive damages would be grossly excessive and would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

18.     Defendants' actions were, at all times, governed by legitimate, good faith business considerations that were consistent with applicable law, and they were not based on any unlawful factors.

19.     Plaintiff's Ohio state law claims are subject to the provisions of Ohio Rev. Code § 2315.18-21 (Ohio Tort Reform), including but not limited to the provisions regarding bifurcation of any punitive damages claim, the caps on damages and evidence regarding alleged punitive damages.

20.     If Plaintiff seeks to adjudicate her claims or the claims of putative class members or anyone else who opts-in to this lawsuit through purported generalized class-wide proof, this would violate Defendants' rights to trial by jury and due process guaranteed by the United States Constitution.  Defendants are entitled to individualized determinations of liability as to each Plaintiff and opt-in, as well as an individualized determination of the damages owed if liability is established.  Accordingly, this case cannot be tried collectively or on any type of representational basis. *Comcast Corp. v. Behrend*, No. 11-864, 2013 U.S. LEXIS 2544 (U.S. Mar. 27, 2013); *Wal-Mart Stores v. Dukes, et al.*, 131 S. Ct. 2541 (2011).

21.     Anyone who joins this lawsuit who filed claims for bankruptcy and failed to list their claims against Defendants as a potential asset in their bankruptcy filings are barred from pursuing these claims for lack of standing or under the doctrines of judicial estoppel and/or unclean hands.

22.     Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if any, and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF BASED ON DEFENDANTS' ANSWERS AND DEFENSES

WHEREFORE, Defendants Degroff Industries, Inc., Lavender Farms, LLC, Ronald Larson, and Kim Larson request that judgment be granted in their favor and against Plaintiff in the following manner:

1.     That Plaintiff's First Amended Complaint be dismissed in its entirety;

2.     That Plaintiff be ordered to pay Defendants' reasonable attorneys' fees and costs incurred in defending this action; and

3.     That Defendants be awarded such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ James P. Smith*

Timothy S. Anderson (0071593)
James P. Smith (0073945)
Jeffrey J. Moyle (0084854)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
tanderson@littler.com
jpsmith@littler.com
jmoyle@littler.com

Attorneys for Defendants
DEGROFF INDUSTRIES, INC., LAVENDER FARMS, LLC, RONALD LARSON and KIM LARSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *James P. Smith*
James P. Smith

One of the Attorneys for Defendants
DEGROFF INDUSTRIES, INC., LAVENDER
FARMS, LLC, RONALD LARSON and KIM
LARSON

Firmwide:150926896.1 095659.1001

34